IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00671-MR

| | |
|---|---|
| ANTHONY BUSSIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1] and on review of the Clerk's Order [Doc. 2] denying the Plaintiff's Application to proceed *in forma pauperis*. [See Doc. 8].

**I.    BACKGROUND**

The pro se Plaintiff, a civilly committed detainee at the Butner Federal Medical Center, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

In 2012, the Plaintiff was charged in the United States District Court for the District of New Jersey for threatening a U.S. Congressman, D.N.J. Case No. 1:12-cr-229 ("CR"). [CR Doc. 1]. The Plaintiff was found to be incompetent to stand trial, and he was transferred to the Butner Federal Medical Center, located in the Eastern District of North Carolina, in an effort

to restore him to competency. [CR Docs. 15, 17, 35]. Those efforts failed and, on April 2, 2015, the Honorable W. Earl Britt found the Plaintiff to be incompetent and civilly committed him pursuant to 18 U.S.C. § 4246, E.D.N.C. Case No. 5:14-hc-2186 ("HC"). [HC Doc. 16]. On April 16, 2015, the Honorable Renee Marie Bumb dismissed the New Jersey criminal charges without prejudice in light of the Plaintiff's incompetence and civil commitment. [CR Doc. 43].

In the instant Bivens action, the Plaintiff names the "United States Government" as the sole Defendant. [Doc. 1 at 2]. He claims that his constitutional rights were violated by "[n]ot communicating a militigating defense to U.S. Atty, Asst. U.S. Atty Psychologist, warden and judge in a criminal litigation…." [Id. at 3] (errors uncorrected). He alleges that, between 2012 and the present, the following occurred:

> The event arose in New Jersey at a Congressman … house in 2012 or 12 years ago. A standard form as was completed and allocated to the Federal Claims Court see Bussie v. Dept of Commerce 12cr792 (EDNC) Judge Renee M. Bumb terminated criminal charges see US v. Bussie 12CR229 (DNJ).
>
> The events arised in FMC-Butner every year with psychologist and warden conducting a risk assessment evaluation to a Judge Britt. Judge Britt (EDNC) is not on the same page as Judge Bumb that terminated the criminal charges. Judge Britt (EDNC) civilly committed me to the psychologist and Warden at FMC-Butner see US v. Bussie 14hc2186 (Britt) (EDNC).

2

Case 3:24-cv-00671-MR   Document 9   Filed 10/15/24   Page 2 of 9

> I filed civil action and gotten arguments about prison conditions in EDNC Raleigh, NC by approx. (4) judges got involved named (D) (BO) (FL) (M) on what happened to my rights violated arguing defensive statements such as criminal charges terminated, tort claim denied letter, no prisoner under definition of prisoner. DOJ argued such statements while civilly committed detainee.

[Id. at 4-5] (errors uncorrected). The Plaintiff did not file a grievance addressing these incidents. [Id. at 9-11]. As injury, the Plaintiff claims "headaches, loss of employment and loss of treatment. The medical treatments are Telonol or pain killers, mental health." [Id. at 5] (errors uncorrected). He seeks the following relief:

> Demand to dismiss this case with arguments and relief granted. Demand communications with U.S. Atty for NC, Assist. US Atty for NC, Psychologist and Warden at FMC about a failure to prosecute or no probation, no conviction, no sentence, not as diligent and no parole. Demand a sum of $1 million dollars for damages.

[Id.] (errors uncorrected).

The Court notes that the Plaintiff is a prolific *pro se* filer whose litigation history predates his civil commitment. A PACER search shows that he has now filed more than 260 cases in federal district and appellate courts throughout the country. His frivolous practices have resulted in the imposition of prefiling injunctions in several courts. See, e.g., Conjured Up Entm't v. United States, No. 1:11-cv-2824 (D.N.J. July 26, 2011) (pre-commitment injunction from filing claims based on an alleged intelligence

and war contract with the United States government); Bussie v. IRS Comm'r, No. 17-cv-157 (E.D.N.Y. April 7, 2017) (prohibiting Plaintiff from filing any new civil actions without prepaying the filing fee or obtaining leave of court to proceed IFP); see also Bussie v. Pelosi, No. 3:21-cv-191 (W.D. Wis. May 14, 2021) (warning the Plaintiff that the continued filing of frivolous and malicious lawsuits will result in the imposition of a filing bar).

## II. LEGAL STANDARDS

The Plaintiff filed an Application to proceed *in forma pauperis,* which was denied, and the Clerk ordered the Plaintiff's institution to deduct the entire filing fee from his trust account. [Docs. 2, 8]. However, because the Plaintiff is civilly committed pursuant to 18 U.S.C. § 4246, he is not a "prisoner" for purposes of the Prison Litigation Reform Act (PLRA). See generally 42 U.S.C. § 1997e(h); 28 U.S.C. § 1915(h); Banks v. Hornak, 698 F. App'x 731, 736 n.4 (4th Cir. 2017); see, e.g., Fisher v. Deutsch, No. 5:23-ct-3328, 2024 WL 1747829, at *1 (E.D.N.C. April 23, 2024). Accordingly, the Order regarding the Plaintiff's Application [Doc. 8] will be vacated. The Plaintiff's Application reflects that he is unemployed, and his institutional trust statement reflects a that he receives small periodic deposits into his trust account. [See Doc. 7]. Accordingly, the Plaintiff will be granted leave to proceed *in forma pauperis* and the Court's financial department will be

4

Case 3:24-cv-00671-MR    Document 9    Filed 10/15/24    Page 4 of 9

directed to refund any payments to the Plaintiff's trust account that have been deducted for the filing fee.

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."[1] 28 U.S.C. § 1915(e)(2).

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Plaintiff filed this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens action

---

[1] Despite his extensive litigation history, the Plaintiff is not presently subject to the three-strikes rule because he is not a "prisoner" under the PLRA. See 28 U.S.C. § 1915(g)-(h).

is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. Id., at 395-97. Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994); Dao v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) ("a Bivens action does not lie against either agencies or officials in their official capacity.") (citing Meyer, 510 U.S. at 484-86).

The venue for a Bivens action is established by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in:

   (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...; or

   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); see Stafford v. Briggs, 444 U.S. 527, 544 (1980). A case that is filed in the wrong venue may be dismissed, or "in the interest of justice," it may be transferred to any district where venue is proper. 28 U.S.C. § 1406(a). However, where a district court lacks subject matter

jurisdiction, a case may not be transferred under § 1406(a). See Proctor v. Schwartz, Inc. v. Rollins, 634 F.2d 738, 740 n.3 (4th Cir. 1980).

The Plaintiff names the United States of America as the sole Defendant. As noted, however, the United States cannot be sued under Bivens and thus the Court lacks subject matter jurisdiction over this action.[2] See Chao, 306 F.3d at 184. Although venue appears to lie in the Eastern District of North Carolina where the Butner FMC is located, this action must instead be dismissed for lack of jurisdiction.[3] See Proctor, 634 F.2d at 740 n.3.

**The Plaintiff is cautioned that the repeated filing of frivolous, duplicative, or otherwise abusive actions may result in the imposition of sanctions and/or a prefiling injunction that would limit the Plaintiff's ability to file further lawsuits in this Court.**

---

[2] Moreover, the Plaintiff's confusing and frivolous allegations fail to state any plausible claim for relief.

[3] It would be unavailing to liberally construe this action as one brought under the Federal Tort Claims Act (FTCA) because the face of the Complaint reveals that the Plaintiff did not exhaust his administrative remedies before filing this lawsuit and, in any event, venue does not lie in this District. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); 28 U.S.C. § 1402(b) (a tort action brought against the United States may only be prosecuted in the judicial district where the plaintiff resides or where the act or omission complained of occurred).

## IV. CONCLUSION

For the foregoing reasons, the Order denying leave to proceed in forma pauperis is vacated, and the Plaintiff's Application to proceed in forma pauperis is granted. The Complaint fails initial review and this action is dismissed without prejudice for lack of subject matter jurisdiction.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Order denying leave to proceed *in forma pauperis* and directing full payment of the filing fee from the Plaintiff's inmate account [Doc. 8] is **VACATED**.

2. The Clerk of Court's Financial Department is respectfully instructed to reimburse the Plaintiff for any funds that have been collected for the payment of his filing fee in this case, and the Clerk is respectfully instructed to mail a copy of this Order to the Warden of Butner FMC so that no further funds are withdrawn from the Plaintiff's trust account.

3. The Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **GRANTED** for the purpose of this initial review.

4. This action is **DISMISSED WITHOUT PREJUDICE**.

5. **The Plaintiff is cautioned that the repeated filing of frivolous, duplicative, or otherwise abusive actions may result in the imposition of sanctions and/or a prefiling injunction that would limit the Plaintiff's ability to file further lawsuits in this Court.**

**IT IS SO ORDERED**.

Signed: October 14, 2024

Martin Reidinger
Chief United States District Judge